NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EON-NET, L.P., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| COOLANIMALSTUFF.COM, | Civil Action No. 05-CV-936 (DMC) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Coolanimalstuff.com ("Defendant") to transfer venue to the United States District Court for the Western District of Washington. No oral argument was held pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Defendant's motion is **granted**.

### I. Background

Eon-Net ("Plaintiff") is a Limited Partnership with its principal place of business in the British Virgin Islands. (Plaintiff's Brief in Opposition to Defendant's Motion to Transfer ("Pl. Br.") at 1). Plaintiff owns United States Patent Number 6,683,687 ("Patent") titled "Information Processing Methodology." (Id.) Mitchell Medina invented the Patent and is solely responsible for conducting Plaintiff's business affairs. (Id.) Mr. Medina is a former New Jersey resident who now lives in Nairobi, Kenya. (Id.)

On February 2, 2005, Plaintiff filed a Complaint against Defendant before this Court for patent infringement. (Defendants Brief in Support of its Motion to Transfer ("Def. Br.") at 1). Defendant is a corporation organized under the laws of Washington with its principal and only place of business located in Seattle, Washington. (Id.) Defendant filed its Answer with Counterclaims on May 25, 2005. Defendant now requests this Court transfer the case to the United States District Court for the Western District of Washington for reasons discussed below.

## II. Discussion

### A. Standard

The court has broad discretion in deciding whether a transfer of venue is warranted, see Plum Tree v. Stockment, 488 F.2d 754, 756 (3d Cir.1973), and must consider both the public interest and the private interests of the parties. The factors to be considered are: "1) plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses; 4) cost of obtaining attendance of willing witnesses; 5) possibility of viewing premises, if applicable; 6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and 7) 'public interest' factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation." Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947).

### B. Patent Cases

28 U.S.C. § 1400(b) of the Federal Rules of Civil Procedure addresses the issue of proper venue in patent infringement cases and states a cause of action may be brought in any district where the "defendant resides or where the defendant has committed acts of infringement and has

a regular and established place of business." Although a plaintiff may file a claim where the defendant resides, the preferred forum is "the center of the accused activity." Osteotech, Inc. v. Gensci Regeration Sciences, Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1993).

Here, Defendant's principal and only place of business has always been located in Seattle, Washington. (Def. Br. at 1). The Western District of Washington therefore had personal jurisdiction over the Defendant when the alleged infringement occurred and continues to have personal jurisdiction over Defendant today. Seattle is also the "center of the accused activity." Plaintiff claims Defendant violated its ownership rights over patent 6,683,687 (Plaintiff's Complaint ("Pl. Compl.") at 3). The patent violation does not occur when people from New Jersey order products off of Defendant's website or when Defendant ships products to New Jersey. The violation occurs where Defendant maintains its website, which is in Seattle where the software engineer initially developed and now operates and manages the technical processes Plaintiff complains violates its patent. (Def. Br. at 9). Therefore, the "center of accused activity" is located in Seattle, Washington.

### B. Private Interest Factors

### 1. Plaintiff's Choice of Forum

In addition to Seattle being the "center of accused activity," the factors this Court must consider when deciding motions to transfer venue also indicate this case should be transferred. The first factor to consider is the weight given to a plaintiff's choice of forum. A plaintiff's choice of forum normally is entitled to great weight. However, this choice deserves less weight where none of the operative facts of the action occur in the forum selected by plaintiff. Schmidt v. Leader Dogs for the Blind, Inc., 545 F.Supp. 42, 47 (E.D.Pa.1982).

Here, Plaintiff is foreign corporation that holds and licenses patents and the Plaintiff's principal partner in charge of all business operations is domiciled in Kenya. (Pl. Br. at 1). Plaintiff's only ties to New Jersey is that the partner once lived in New Jersey and returns to visit family and friends every year, during which he will sometimes conduct business. (Pl. Br. at 4). The only place Defendant operates its business is Seattle, Washington. (Def. Br. at 1). Washington is where the alleged patent infringement would have occurred. The fact that New Jersey residents order products off of Defendant's website and have these products shipped to New Jersey is not enough. Plaintiff's claim does not deal with the ordering and shipping of Defendant's products in New Jersey, it addresses patent infringement. Therefore, none of the operative facts of the action occured in this forum and Plaintiff's choice of forum does not deserve much weight.

### 2. Convenience of Witnesses and Parties

It will be much more convenient for witnesses if this case is transferred to Washington. The primary focus of the case will be Defendant's alleged illegal activities, which all occurred in Seattle. Any witnesses associated with these activities will most likely be one of Defendant's employees or an employee of the company that hosts the server supporting the CoolAnimalStuff.com website, who processes information by a method allegedly infringing on Plaintiff's patent. (Def. Br. at 12). This company is also located in Seattle. (Id.) The majority, if not all of the witnesses, regarding this case are located in Washington so it is more convenient for the witnesses for this case to be heard in Washington.

It is also more convenient for the parties if this case is transferred to Washington. Defendant is located in Washington and Plaintiff is incorporated in the British Islands with the

principal partner living in Kenya. Regardless of whether this case goes forward in New Jersey or Washington, Plaintiff will have to travel and transport evidence. If the case is in Washington, Plaintiff is not inconvenienced any more than if the case is in New Jersey. However, if the case remains in New Jersey, Defendant and all of Defendant's witnesses will have the expense and hassle of traveling to New Jersey. Furthermore, Defendant will suffer economic hardship due to this expense. Defendant is a small business that earns less than two million dollars in retail sales. (Def. Br. at 13-14). If Defendant is forced to go to New Jersey it will suffer unnecessary financial hardship that could be avoided if the case is litigated in Washington. Plaintiff's business appears to be holding patents and will not suffer any additional hardship if the case is transferred. It is therefore more convenient for the parties if venue is transferred.

### C. Public Interest Factors

The State of New Jersey does not have a strong interest in the outcome of this litigation. While New Jersey residents purchase products from Defendant, whether Defendant violates patent law does not harm the products New Jersey residents order. There are no New Jersey citizens involved in this law suit, nor are there any New Jersey corporations involved in this lawsuit. Washington does have an interest in this lawsuit because a Washington corporation is a party in the case and all of the alleged culpable conduct occurred in Washington. Furthermore, the burden of jury duty "ought not to be imposed upon the people of a community which has no relation to the litigation." Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990). New Jersey jurors have no interest in this litigation because the outcome will not impact any New Jersey residents. Accordingly, the people of New Jersey should not be burdened with having serving jury duty if this case goes to trial. For this reason and all the reasons stated, venue is transferred.

### III. Conclusion

For the reasons stated, it is the finding of this Court that Defendant's request to transfer venue is **granted**. An appropriate Order accompanies this Opinion.

*[signature]*
Dennis M. Cavanaugh, U.S.D.J.

Date:       October 14, 2005
Original:   Clerk's Office
cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File